Filed 11/30/20  P. v. Thompson CA5
Opinion following transfer from Supreme Court

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD JAMES THOMPSON,<br><br>Defendant and Appellant. | F077598<br><br>(Super. Ct. Nos. F17900396,<br>M17911630)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James Petrucelli, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P.J., Smith, J. and DeSantos, J.

Defendant Richard James Thompson was convicted of offenses arising from two incidents of driving under the influence. On appeal, he contended the newly enacted Penal Code section 1001.36[1] applied to him retroactively and we should remand for the trial court to consider whether he should be granted pretrial mental health diversion. On June 28, 2019, in an unpublished opinion, we affirmed, concluding that section 1001.36 did not retroactively apply to defendant's case, which had been "adjudicated" before the statute's enactment. (See *People v. Thompson* (June 28, 2019, F077598) [nonpub. opn.], review granted Sept. 11, 2019, review dism. and remanded Aug. 19, 2020, S256911.)

Our Supreme Court granted review, pending its decision in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). In *Frahs*, the court held that section 1001.36 applies retroactively to defendants whose cases were not yet final when the Legislature enacted section 1001.36. The court transferred the matter back to us with directions to vacate our decision and reconsider it in light of *Frahs*.

With the parties' agreement, we vacate our prior decision, conditionally reverse the judgment, and remand for the trial court to determine defendant's eligibility for mental health diversion under section 1001.36.

## PROCEDURAL BACKGROUND

Case No. F17900396 involved events occurring on January 18, 2017. As the case proceeded, the trial court suspended proceedings because of a doubt as to defendant's competence to stand trial (§ 1368). A jury thereafter found defendant competent to stand trial.

On December 22, 2017, a jury convicted defendant of driving under the influence while possessing a blood-alcohol concentration of 0.08 percent or more and causing

---

[1] All statutory references are to the Penal Code unless otherwise noted.

bodily injury (Veh. Code, § 23153, subd. (b); count 1) and driving under the influence and causing bodily injury (Veh. Code, § 23153, subd. (a); count 2). As to both counts, the jury found true allegations that defendant caused injury to more than one victim (Veh. Code, § 23558) and possessed a blood-alcohol concentration of 0.15 percent or more (Veh. Code, § 23578). Defendant admitted having suffered two prior felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

Case No. M17911630 involved events occurring on January 10, 2017. On April 26, 2018, defendant pled no contest to driving under the influence while possessing 0.08 percent or more of blood alcohol (Veh. Code, § 23152, subd. (b); count 1) and admitted having suffered two prior felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On May 31, 2018, the trial court sentenced defendant in both cases to a total of six years four months. In case No. F17900396, the court imposed the midterm of four years on count 1 (two years, doubled pursuant to the Three Strikes law), plus a one-year enhancement pursuant to Vehicle Code sections 23558 and 23578. On count 2, the court imposed four years (two years, doubled), then stayed the term pursuant to section 654. In case No. M17911630, the court imposed one year four months (one-third the two-year midterm, doubled), to be served consecutively to the term in case No. F17900396. On June 4 and 7, 2018, defendant filed a notice of appeal in both cases.

On June 27, 2018, the Legislature enacted section 1001.36, which created a pretrial diversion program for certain defendants with qualifying mental disorders. (§ 1001.36, subd. (a); Stats. 2018, ch. 34, § 24.)

On appeal, defendant contended his conviction should be conditionally reversed and the matter remanded for the trial court to determine, retroactively, whether he qualified for a pretrial diversion program under section 1001.36. Defendant argued

3

section 1001.36 should apply retroactively because it confers an ameliorative benefit to defendants whose judgments are not yet final.  The People argued section 1001.36 was not retroactive because the statute provides that pretrial mental health diversion is only available until adjudication.  According to the People, defendant's claim had already been adjudicated by the time of the statute's enactment.

In our unpublished opinion, we agreed with the People and affirmed the judgment. (See *People v. Thompson*, *supra*, F077598.)

The Supreme Court granted review, and transferred the matter back to us with directions to vacate our prior decision and reconsider the matter in light of *Frahs*.

## DISCUSSION

Effective June 27, 2018, section 1001.36 authorizes pretrial diversion in lieu of criminal prosecution for defendants with qualifying mental disorders, "including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder …."  (§ 1001.36, subd. (b)(1)(A).)  " '[P]retrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment …."  (§ 1001.36, subd. (c).)

A trial court may grant pretrial diversion under section 1001.36 if it finds:  (1) the defendant suffers from an identified mental disorder;[2] (2) the mental disorder was a significant factor in the commission of the charged offense; (3) the defendant's symptoms will respond to treatment; (4) the defendant consents to diversion and waives his or her

---

[2]    A "qualifying disorder" is any "mental disorder … identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia.  Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert." (§ 1001.36, subd. (b)(1)(A).)

4

speedy trial rights; (5) the defendant agrees to comply with the treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (b).)

If the trial court grants diversion, the defendant will undergo mental health treatment by an approved mental health program that will provide regular reports of the defendant's progress. Criminal proceedings may be diverted for "no longer than two years." (§ 1001.36, subds. (c)(1)(B), (c)(2), (c)(3).) If the defendant performs satisfactorily in diversion, "the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion" and "the arrest upon which the diversion was based shall be deemed never to have occurred." (§ 1001.36, subd. (e).) Under certain circumstances, if the defendant commits additional crimes or performs unsatisfactorily in diversion, the court may reinstate criminal proceedings. (§ 1001.36, subd. (d).)

Before *Frahs*, the Courts of Appeal were divided on the question of whether section 1001.36 applies retroactively to persons who were tried, convicted, and sentenced before section 1001.36 went into effect, but as to whom judgment is not yet final. In June 2020, the Supreme Court resolved the issue in *Frahs*. The court held that because section 1001.36 provides a possible ameliorating benefit for a class of persons, namely, certain defendants with qualifying mental disorders, and neither the statute's text nor its legislative history clearly signals the Legislature's intent to overcome the inference of retroactivity created by *In re Estrada* (1965) 63 Cal.2d 740, section 1001.36 applies retroactively to cases where the judgment is not yet final. (*Frahs*, *supra*, 9 Cal.5th at p. 624.) The court concluded "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold

eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Frahs*, at p. 640.)

In light of *Frahs*, the People concede and we now conclude defendant is entitled to conditional reversal of judgment and remand to the trial court for a determination of his eligibility for mental health diversion under section 1001.36. (See *Frahs*, *supra*, 9 Cal.5th at pp. 639–641.) The parties agree defendant was diagnosed with a qualifying mental disorder, schizophrenia. Accordingly, he "appears to meet at least the first threshold eligibility requirement for mental health diversion." (*Frahs*, at p. 640.) Pursuant to *Frahs*, we conclude a conditional reversal of judgment and remand is appropriate for the trial court to conduct a mental health diversion eligibility hearing. (See *id*. at p. 640; § 1001.36, subd. (b)(3).) We express no opinion on whether defendant will be able to demonstrate eligibility for mental health diversion under section 1001.36, or whether the trial court should exercise its discretion to grant diversion if it finds defendant eligible.

## DISPOSITION

Our previous opinion is vacated. The judgment is conditionally reversed and the matter remanded to the trial court for an eligibility determination under section 1001.36. " 'If the trial court finds that [defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. However, if the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' " (*Frahs*, *supra*, 9 Cal.5th at p. 641.)

6